## SANDS v INDUSTRIAL COMMISSION

Ohio Appeals, 9th Dist, Lorain Co

No 673. Decided Dec 5, 1933

Maurice S. Grant, Elyria, and Stevens & Stevens, Elyria, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, Oscar A. Brown, Asst. Atty. Gen., and John M. Harding, Prosecuting Attorney, Elyria, for defendant in error.

## OPINION

By STEVENS, J.

Sec 1465-90, GC, provides for the filing of a petition by the claimant in the Court of Common Pleas and then states: "Further pleadings shall be had in accordance with the rules of civil procedure." §11314, GC, provides that "The answer shall contain: 1. A general or specific denial of each material allegation of the petition controverted by the defendant * * *."

Plaintiff asserts that his motion to make definite and certain should have been sustained because "he is entitled to know the specific ground upon which the commission based its denial of further compensation to him on or about Dec. 20, 1932," and cites **Perkins v Industrial Comm., 106 Oh St 233,** as authority for his contention.

A reading of the opinion in the Perkins case impels us to the conclusion that the holding of the Supreme Court in that case is not authority for the contention which plaintiff makes.

The answer in the instant case, after certain admissions, "denies each and every allegation contained in plaintiff's amended petition which is not herein specifically admitted to be true." That answer put in issue every allegation of plaintiff's amended

petition, except those as to which admissions were made, and it seems to us was in compliance with the provisions of §11314, GC. No new matter was pleaded therein, and a categorical denial of the material allegations of a petition by an answer, leaves no such doubt regarding the answer as to make it amenable to a motion to make definite and certain, in the opinion of this court.

We have carefully examined the record with reference to the admission and rejection of testimony complained of by plaintiff, and we find no error prejudicial to the rights of plaintiff in that respect.

The third assignment of error challenges the propriety of the trial court's ruling in sustaining defendant's motion for a directed verdict at the close of plaintiff's evidence, because plaintiff had failed to show that he was an employee of defendant at the time of his injury.

Sec 1465-61, GC, defines who is an employee within the meaning of the Workmen's Compensation Act, as follows:

"The terms 'employe,' 'workman' and 'operative' as used in this act, shall be construed to mean:

"1. Every person in the service of the state, or of any county, city, township, incorporated village or school district therein, including regular members of lawfully constituted police and fire departments of cities and villages, under any appointment or contract of hire, express or implied, oral or written, except any official of the state, or of any county, city, township, incorporated village or school district therein. Provided that nothing in this act shall apply to police or firemen in cities where the injured policemen or firemen are eligible to participate in any policemen's or firemen's pension funds which are now or hereafter may be established and maintain by municipal authority under existing law.

"2. Every person in the service of any person, firm or private corporation, including any public service corporation, employing three or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer.

"3. Every person in the service of any independent contractor or subcontractor who has failed to pay into the state insurance fund the amount of premium deter-

mined and fixed by the industrial commission of Ohio for his employment or occupation, or to elect to pay compensation direct to his injured and to the dependents of his killed employes, as provided in §1465-69, GC, shall be considered as the employee of the person who has entered into a contract, whether written or verbal, with such independent contractor unless such employes, or their legal representatives or beneficiaries elect, after injury or death, to regard such independent contractor as the employer."

In order for plaintiff to prevail, it was necessary that he prove all of the facts necessary to make a compensable case in fact as well as in law.

That the Lorain Castings Co. was a contributor to the state insurance fund, that plaintiff sustained injury and that certain proceedings were had before the commission entitling plaintiff to appeal, was admitted; but the allegations that plaintiff was an employee at the time of his injury, and that the injury complained of was received in the course of his employment, were placed in issue by the defendant's denial.

If plaintiff produced some evidence, which, properly admitted, tended to prove that he was injured while in the course of his employment, and while in the employ of the Lorain Castings Co., then he was entitled to have his case submitted to the jury, under proper instructions.

**Industrial Comm. of Ohio v Laird, 126 Oh St 617 (syllabus 3).**

We have carefully read and reread the record herein in an attempt to discover some evidence substantiating plaintiff's claim, but to no avail. We are unanimously of the opinion that plaintiff's own evidence shows him to have been an independent contractor at the time of his injury, by reason of the fact that the evidence does not disclose that any control over plaintiff's work was reserved by the Lorain Castings Co.

"4. The vital test, in determining whether a person employed to do a certain work is an independent contractor or a mere servant, is the right of control over the work reserved by the employer."

Industrial Comm. of Ohio v Laird, supra.

The evidence adduced in the trial court as to the employment of W. H. Snellenberger by Sands, the manner of payment of Snellenberger, and Sands' control over him during the prosecution of the work, it seems to us clearly bring Sands within the

category of an independent contractor as defined by the Supreme Court in Industrial Commission v Laird, supra, at page 619:

"If the workman employs other workmen, pays them, and has full power to control them in the prosecution of the work, then he is an independent contractor."

It is apparent from what we have said that we are of the opinion that the judgment is fully sustained by the manifest weight of the evidence.

The judgment of the trial court is therefore affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.